Marston, J.:
This case, when stripped of all unnecessary verbiage, may be stated as follows: Certain parties, through whom plaintiffs below claimed as assignees, being indebted to defendant in the sum of three hundred dollars, executed and delivered to him their note therefor, and also delivered to him as collateral *287 security for the payment thereof, notes of third parties amounting to the sum of one thousand dollars. The three hundred dollar note having become due and ^unpaid, a new agreement was made with one Cartel[1], by which he was to loan the principal debtors the sum of three hundred dollars, together with two other small amounts, in all three hundred and sixty dollars, with which to pay defendant. The collateral notes were to be delivered to Carter, and in case they did not pay Carter the amount so borrowed from him, with ten dollars for his trouble, within ten days thereafter, the collateral notes should become absolutely his property. Carter, not having been paid, under an agreement made with defendant, without the knowledge of the principal debtors, before loaning the three hundred and sixty dollars, received from defendant the amount advanced or loaned by him, and delivered ■to defendant the principal and collateral notes. Defendant afterwards sued the principal note, and recovered judgment for the full amount, which was paid. After commencing such suit, and before payment of the judgment, defendant, without the knowledge of the principal debtors, sold the collateral notes and received therefor three hundred dollars, no part of which was credited upon the judgment or accounted for in any way. This action was brought to recover the amount which defendant received for the collaterals; the case was referred; the referee found in favor of plaintiffs. Upon this finding, judgment was rendered in the circuit coxtrt. Defendant below, plaintiff in error, insists that under the facts found he is not liable.
It is very clear that there was not in the first instance an absolute sale or transfer of the notes for one thousand dollars; when first delivered to defendant, and again when delivered to Carter, they were delivered as collateral to, or as security for, the payment of the principal indebtedness. No authority or principle of law.has been cited by counsel, and we think there is none, certainly there ought not to be, which would at the present day authorize the creditor under such circumstances to collect the amount of his claim from his debtor, and also convert the property which he held as security, to his own use.
*288 He undoubtedly might either or both, in order to obtain satisfaction, but when once he *had collected the amount of his claim, from either source, all further rights would cease, and if, as in this case, he sold the collaterals and then proceeded to judgment and collected the same, the principal debtors, or their assignees, could sue for and recover the amount received for the collaterals.
Courts of law as well as of equity very frequently refuse to-carry out the express agreements of parties where the result would be gross injustice to one, without any corresponding loss to the other, calling for such injustice. Especially should this be the case where an agreement made between mortgagor and mortgagee, or borrower and lender, is sought to be enforced or interposed as a defense. The law should and does-scrutinize closely all such agreements, and refuses to enforce them, especially where, as in this case, to do so would be both unjust and unconscionable.
The judgment must be affirmed, with costs.
The other justices concurred.