### FERGUSON v. PERRY COAL CO.

1. CONTRACTS—UNCONSCIONABLE CONTRACTS—NATURE.

Contracts so inequitable and unconscionable that courts will not enforce them must be such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other.

2. SAME—FRAUD—PRESUMPTIONS.

A presumption of fraud arises from the unconscionable nature of the contract itself.

3. SAME—PUBLIC POLICY—RIGHT OF ACTION.
    A contract in writing between two mature, experienced
        business men, whereby defendant agreed to pay plaintiff
        50 cents a ton on 1,544 tons of coal to be bought by de-
        fendant and sold again in consideration of plaintiff's in-
        dorsement of defendant's note, thus enabling him to se-
        cure the money to finance the deal, was not so unconscion-
        able as to bar plaintiff's recovery in an action thereon.

Error to Chippewa; Fead (Louis H.), J.   Sub-
mitted January 21, 1921.   (Docket No. 56.)   Decided
March 30, 1921.

Assumpsit by Robert G. Ferguson against the Perry
Coal Company for money due under a written con-
tract.   Judgment for plaintiff *non obstante veredicto.*
Defendant brings error.   Affirmed.

*M. M. Larmonth,* for appellant.

*McDonald & Kaltz,* for appellee.

SHARPE, J.   The defendant company, a retail coal
dealer at Sault Ste. Marie, desiring to purchase a boat
cargo of salvaged coal, amounting to 1,544 tons, ap-
proached plaintiff to finance the transaction.   After
certain negotiations, an agreement was reached which
was reduced to writing.   In it plaintiff agreed to and
did indorse the note of defendant by which the neces-
sary money was secured from a bank.   By its terms
plaintiff was secured on the salvaged and other coal
of defendant by a bill of sale.   The defendant agreed
to retail the coal and deposit the proceeds of such sales
in the bank until the note with interest was fully
paid.   After such payment, it was agreed that defend-
ant should pay plaintiff 50 cents per ton on the coal
thus purchased in consideration of his indorsement
and services in the transaction.   This coal was pur-
chased at $8.50 per ton.   The defendant estimated the

cost of handling it at $1 per ton. Part of it was sold for $10.50 per ton and the balance for $11.75. The defendant refused to pay plaintiff the 50 cents per ton provided for in the contract, and plaintiff brought suit therefor. The trial court directed a verdict for plaintiff, and defendant appeals.

1. The sole question presented is thus stated by defendant's counsel: "Was the contract upon which this suit is brought such a contract as can be enforced in a court of justice?" He insists that the risk assumed by plaintiff by his indorsement was not a sufficient consideration for defendant's promise to pay the 50 cents per ton on the quantity of coal purchased; that the contract was unconscionable and therefore unenforceable.

There may be contracts so inequitable and unconscionable that courts will not enforce them. But, as was said by Lord Hardwicke in *Earl of Chesterfield* v. *Janssen,* 2 Ves. Sen. 155, quoted in *Hume* v. *United States,* 132 U. S. 406 (10 Sup. Ct. 134), these contracts must be such "as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." A presumption of fraud arises from the unconscionable nature of the contract itself. We feel constrained to hold that this is not such a contract. The president of the defendant company, with whom the negotiations were had and the contract made, had been engaged in the coal business for a number of years. He admits that he knew if he did not get the coal it would be purchased by a rival dealer. Payment in cash was required. His negotiations with plaintiff lasted several days. He finally offered him the 50 cents per ton out of the net profits if he would help to secure the loan. Mr. Ferguson's attorney was present at the last conference, at which the nature of his security was discussed and finally agreed upon.

The relation of these parties was not that of borrower and lender. The rule laid down in *Dorrill* v. *Eaton*, 35 Mich. 302, and kindred cases does not apply. The plaintiff in no way took advantage of the financial necessities of the defendant. The defendant saw an opportunity to purchase a quantity of coal at a price at which it believed it could make a considerable profit. It could not finance the deal. It arranged with plaintiff to do so, not by a loan from him, but by securing his indorsement on a note by means of which the money was obtained. The amount involved was large. Plaintiff's compensation depended upon whether defendant so handled the coal as to make a profit. We are impressed that the trial court reached a proper conclusion when he said:

"In my judgment, the whole matter may be summed up in one sentence: That the contract was entered into by two grown up business men, both of whom knew what they were doing and intended to do what they did, and the defendant, having obtained all the benefit of the contract, should perform its obligations thereunder. The contract is not unconscionable in any respect."

The judgment is affirmed.

FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.

STEERE, C. J., and MOORE and BROOKE, JJ., did not sit.